FILED
FEBRUARY 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01187   Document 1   Filed 02/27/2008   Page 1 of 4

08 C 1187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| HENRY WILLABY, | ) | Jury Demand |
| ERIK KONIOR, Star 4532, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE ASHMAN**

**J. N.**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. At approximately 4:00 p.m., on or about May 6, 2007, Plaintiff NICHOLAS HARRIS was arrested for drinking on the public way.

9. At approximately 5:18 p.m., Plaintiff arrived at the 25th District police station.

10. Plaintiff was immediately placed in a cell.

11. Plaintiff asked Defendants WILLABY and KONIOR if he could make a phone call.

12. The Defendant-Officers did not respond.

13. Plaintiff asked several more times if he could make a phone call.

14. After Plaintiff made several requests to make a phone call, Defendants WILLABY and KONIOR went to Plaintiff's cell.

15. Defendants WILLABY and KONIOR forcefully removed Plaintiff from his cell.

16. As the Defendant-Officers pulled Plaintiff from his cell, a Defendant-Officer punched Plaintiff in the jaw.

17. The Defendant-Officers then pushed Plaintiff back in the cell.

18. Plaintiff was pushed into the metal bench in the cell.

19. The Defendant-Officers told Plaintiff that he was not going to be fingerprinted until the next morning because he does not know how to be quiet and listen.

20. The next morning, at approximately 3:09 a.m., Plaintiff was finally fingerprinted.

21. Plaintiff was released from the police station at approximately 7:30 a.m on March 7, 2007.

22. After Plaintiff was released from custody, Plaintiff went to University of Illinois Medical Center and received medical attention for the injuries he received from the Defendant-Officers.

23. Plaintiff also filed a complaint with the Office of Professional Standards.

24. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

25. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as

guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

29. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

30. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595