IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS HARRIS, ) | |
| ) | Case No. 08 C 1187 |
| Plaintiff, ) | |
| ) | Judge Gottschall |
| vs. ) | |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, Chicago Police ) | |
| Officers HENRY WILLABY, ERIK KONIOR, ) | Jury Trial Demanded |
| Star 4532, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago (hereinafter referred to as "City"), Henry Willaby, and Erik Konior (hereinafter referred to as "Individual Defendants" and all Defendants collectively referred to hereinafter as "Defendants"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel of the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to plaintiff's complaint and state as follows:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** The Defendants admit that plaintiff purports to bring Counts I and II of his complaint pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution. The Defendants deny the remaining allegations in this paragraph.

2.  Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** The Defendants admit the allegations in this paragraph.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** The Defendants admit that venue is proper in that the alleged events giving rise to the claims asserted in plaintiff's complaint are alleged to have occurred within this district but deny any wrongful or illegal conduct.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4 but deny any wrongful or illegal conduct.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit that Willaby and Konior are being sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit that Willaby and Konior are employed by the City of Chicago. Defendants Willaby and Konior are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Defendant City admits the remaining allegations contained in this paragraph.

### Facts

8. At approximately 4:00 p.m., on or about May 6, 2007, Plaintiff NICHOLAS HARRIS was arrested for drinking on the public way.

**ANSWER:** Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

    9.    At approximately 5:18 p.m., Plaintiff arrived at the 25th District police station.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    10.    Plaintiff was immediately placed in a cell.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    11.    Plaintiff asked Defendants WILLABY and KONIOR if he could make a phone call.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    12.    The Defendant-Officers did not respond.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    13.    Plaintiff asked several more times if he could make a phone call.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    14.    After Plaintiff made several requests to make a phone call, Defendants WILLABY and KONIOR went to Plaintiffs cell.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    15.    Defendants WILLABY and KONIOR forcefully removed Plaintiff from his cell.

    **ANSWER:**    Defendants deny the allegations contained in this paragraph.

    16.    As the Defendant-Officers pulled Plaintiff from his cell, a Defendant-Officer

punched Plaintiff in the jaw.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

17. The Defendant-Officers then pushed Plaintiff back in the cell.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. Plaintiff was pushed into the metal bench in the cell.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. The Defendant-Officers told Plaintiff that he was not going to be fingerprinted until the next morning because he does not know how to be quiet and listen.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

20. The next morning, at approximately 3:09 a.m., Plaintiff was finally fingerprinted.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Plaintiff was released from the police station at approximately 7:30 a.m. on March 7, 2007.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. After Plaintiff was released from custody, Plaintiff went to University of Illinois Medical Center and received medical attention for the injuries he received from the Defendant-Officers.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but deny any wrongful or illegal act.

23. Plaintiff also filed a complaint with the Office of Professional Standards.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Each individual Defendant-Officer acted willfully, wantonly, maliciously,

oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but deny any wrongful or illegal act.

25. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

### COUNT I (42 U.S.C. § 1983 - Excessive Force)

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

**ANSWER:** The Individual Defendants restate their Answers for paragraphs 1 through 25 herein as their Answer to paragraph 26 of Count I as if fully stated herein.

27. The Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, The Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### COUNT II (42 U.S.C. § 1983 - Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

**ANSWER:** The Individual Defendants restate their Answers for paragraphs 1 through 25 herein as their Answer to paragraph 28 of Count II as if fully stated herein.

29. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

30.  Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, The Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31.  The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**  Defendants deny the allegations contained in this paragraph, deny the above claims are factual, and further deny and wrongful or illegal act.

32.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:**  Defendants deny the allegations contained in this paragraph as they are an incomplete and inaccurate statement of law.  Defendants admit that pursuant to the laws of the State of Illinois, specifically 745 ILCS 10/9-102, the City of Chicago is obligated to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable.

**WHEREFORE**, The Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1.  The Individual Defendants are entitled to qualified immunity.  The Individual Defendants are government officials, namely police officers, who perform discretionary

functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Individual Defendants could have believed their actions were lawful in light of clearly established law and the information the Individual Defendants possessed. Therefore, the Individual Defendants are entitled to qualified immunity as a matter of law.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, evidenced by, but not limited to, plaintiff's refusal of medical treatment, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

4. Plaintiff's Counts I and II should be dismissed for failure to state a claim pursuant to the Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to present sufficient information and allegations to support such claims and has further failed to identify any particular individual who he accuses of committing such acts. Counts I and II should therefore be dismissed for failure to state a claim.

5. This Court lacks jurisdiction to hear Plaintiff's state law claims and therefore

Count III of plaintiff's complaint should be dismissed.

## JURY DEMAND

The Defendants demand trial by jury.

Respectfully submitted,

 s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

**CERTIFICATE OF SERVICE**

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' JOINT ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management /Electronic Case Files, on June 19, 2008, in accordance with the rules governing the electronic filing of documents.

　　　　　　　　　　　　　　　　　　　　 s/ Matthew R. Hader　　　　　
　　　　　　　　　　　　　　　　　　　　MATTHEW R. HADER
　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel